Oceanic Apartments, Inc. v. Commissioner.
Oceanic Apartments, Inc. v. Commissioner
Docket No. 46687.
United States Tax Court
T.C. Memo 1954-168; 1954 Tax Ct. Memo LEXIS 78; 13 T.C.M. (CCH) 944; T.C.M. (RIA) 54274; October 11, 1954, Filed *78 Murray G. Cohen, Esq., Security Building, Miami, Fla., for the petitioner. Alben E. Carpens, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined deficiencies in income tax against petitioner in the amounts of $22,444.39 and $11,576.81 for the fiscal years ending November 30, 1947 and 1948, respectively. The principal issue relates to the Commissioner's disallowance of deductions of $52,000 for the fiscal year 1947 and $34,259.63 for the fiscal year 1948 which petitioner had claimed as casualty losses arising from hurricanes. A stipulation of some of the facts was filed by the parties and is incorporated herein by reference as part of our findings. Petitioner, a Florida corporation, kept its books on the accrual basis of accounting, and filed its returns with the collector of internal revenue for the district of Florida. Petitioner was organized in December 1946 when it took over certain property in Miami Beach which had been purchased on its behalf at that time for $525,000 by those persons who controlled its affairs. The property consisted of land, buildings and furnishings therein, referred to at times *79 as Oceanic Villas; it had a frontage of 120 feet on the west side of Collins Avenue, directly opposite and about 300 feet distant from the Atlantic Ocean on the east. The property extended westward 270 feet from Collins Avenue to Harding Avenue, and had a frontage of 180 feet on Harding Avenue. There were no structures or other obstructions, apart from some palm trees, between the property and the ocean. The buildings comprising Oceanic Villas were two stories in height, and had been constructed at various times between 1934 or 1935 and 1940. They were operated in the manner of a resort hotel. During World War II, the property had been taken over by the Army for use of its personnel. At the conclusion of the war it was reconditioned and returned to petitioner's predecessors. Storms of severe intensity, referred to as hurricanes, struck Miami Beach on September 17, 1947, October 12, 1947, September 21-22, 1948, and October 5, 1948. As a result of these storms, Oceanic Villas suffered substantial damage from both wind and water. After these storms petitioner made certain repairs the cost of which it deducted in its income tax returns. Petitioner carried insurance against damage *80 due to hurricanes, but such insurance did not cover injury to shrubs, plants, and the like, nor did it cover injuries arising solely from water seepage - that is, water damage that was not preceded by other physical destruction such as broken glass or injury to roof through which the water might find its way. As compensation for damages sustained in the two 1947 hurricanes petitioner received the following amounts from its insurance company: Roof Repairs
$2.900
Exterior Painting
1,250
Interior Painting
1,174
Broken Glass
287
Carpets & Furniture
1,640
Screens
250
Shutters
740
Venetian Blinds
150
$8,391 It also received $1,471.60 from its insurance company as compensation for damages sustained in the two 1948 hurricanes. Petitioner contends that the amounts thus received from the insurance company did not fully compensate it for the losses sustained, and has presented evidence attempting to justify the amounts which it deducted on its returns. However, the record which petitioner made before us is highly confusing, and we cannot find on this record that it in fact sustained losses in the amounts claimed. The testimony of a so-called expert called *81 by petitioner was extremely weak. He relied heavily upon two written "appraisals" that bore his name, and which had been made some time ago. When questioned as to details in these "appraisals" he did not seem to be very familiar with the matter involved. Included in the "appraisals" were bids of contractors for certain work. The witness seemed to have very little, if any, knowledge or judgment about such bids, to what extent, if any, they may have been inflated, and to what extent they covered work that may not have been required as a result of the hurricanes. We do not find it necessary to set forth in detail the various respects in which his testimony was unreliable. Suffice it to say, we have studied it with care, and, although we do not reject it in its entirety, we cannot give susbstantial weight to it. We are fully satisfied, on this record, that petitioner has not sustained its burden of proving uncompensated casualty losses in the amounts which it claimed. On the other hand, we are satisfied that petitioner did suffer some losses from these storms that were not covered by insurance and which were in excess of the amounts allowed as repairs. The vagueness and confusing character *82 of the evidence makes it extremely difficult for us to fix the amount of such losses, but, doing the best we can with the material at hand, we find as a fact that petitioner suffered casualty losses in the fiscal years 1947 and 1948, in the amounts of $10,000 and $5,000, respectively, not compensated for by insurance or otherwise and in excess of amounts allowed as deductions for repairs. Cf. (C.A. 2). The deficiencies determined by the Commissioner were based not only upon disallowance of the deductions for the casualty losses but also upon various other adjustments, some of which were not challenged in the pleadings. As to those which were contested in pleadings, petitioner has presented no convincing evidence that the Commissioner committed any error. Decision will be entered under Rule 50.